45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Diane DENNIS, Plaintiff-Appellant,
v.
STANDARD INSURANCE COMPANY, Defendant-Appellee.
 No. 93-35391.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided Dec. 29, 1994.
 
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Diane Dennis appeals the district court's grant of summary judgment in favor of Standard Insurance Company ("Standard") in Dennis' suit for review of Standard's denial of long-term disability benefits under an employee welfare benefit plan (the "Plan") subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1461. Dennis argues that the district court erred by refusing to modify the less deferential version of the abuse of discretion review standard applied when the plan administrator faces conflicts of interest. Dennis contends that the inherent conflict of interest facing an insurer who serves as plan administrator is so strong that it requires a burden-shifting approach such as that adopted by the Eleventh Circuit in Brown v. Blue Cross & Blue Shield of Alabama, 898 F.2d 1556 (11th Cir.1990), cert. denied, 498 U.S. 1040 (1991). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Dennis concedes that the Plan conferred discretion on the administrator to determine eligibility and that the district court should review the administrator's actions under an abuse of discretion standard. She argues, however, that the district court did not give appropriate consideration to the conflict of interest that Standard faced as both administrator and insurer. Although deference to the plan administrator is appropriate when the plan gives the administrator discretion to make final determinations, that deference is tempered by the existence of a conflict of interest, which "must be weighed as a factor in determining whether there is an abuse of discretion." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Both before and after Firestone, the Ninth Circuit has given an administrator's decision less deference when the administrator faces a conflict of interest, even under the abuse of discretion standard of review. See, e.g., Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1474 (9th Cir.1993) (applying less deferential review in the context of an employer-plan administrator conflict of interest); Bogue v. Ampex Corp., 976 F.2d 1319, 1325 (9th Cir.1992) (same); Pilon v. Retirement Plan for Salaried Employees of Great Northern Nekoosa Corp., 861 F.2d 217, 219 (9th Cir.1988) (in a pre-Firestone case, reviewing the application of less deference to situations involving conflicts of interest and applying that standard to an employer-administrator conflict).
 
 
 4
 The court below acknowledged Standard's apparent conflict of interest and applied a less deferential abuse of discretion review. It factored the conflict into its review of Standard's decision by applying to that decision the same scrutiny routinely applied in a court trial to a witness with an established bias. Although the Eleventh Circuit applies an explicit shifting of the burden in contexts involving inherent conflicts of interest, see Brown, 898 F.2d at 1561-62, we have not adopted this approach or any particular framework for less deferential review, see Taft, 9 F.3d at 1474. We have no occasion here to explore further the precise nature of less deferential review. Even under a less deferential burden-shifting approach, we would affirm the result below because Standard has provided ample evidence that its decision was fair, well supported, and neither arbitrary nor unreasonable.
 
 
 5
 The only support for Dennis' claim of total disability, a diagnosis of chronic fatigue syndrome, came from Dr. Weingarten, Dennis' personal physician. When Standard referred Dennis to a consulting doctor, Dr. Leggett, for a review of that determination, however, Dr. Leggett's report indicated that Dennis' history did not satisfy the criteria required by the Plan for recognition of disability due to chronic fatigue syndrome.[1]
 
 
 6
 Although Dennis asserts that the report from Connie O'Reilly, her clinical psychologist, also supports a claim of total disability, we are unpersuaded. O'Reilly merely diagnosed the existence of psychological factors affecting Dennis' physical condition. Because O'Reilly and all of the examining physicians had mentioned possible psychological disorders, Standard also referred Dennis to a psychiatrist, Dr. Glass, for a psychiatric evaluation. Dr. Glass noted the possibility of a low-grade mood disorder, but he concluded that there was no specific psychiatric impairment of Dennis' ability to function. These reports, including Dennis' own description of a typical day and her admission that she engaged in demanding activities such as skiing after the alleged onset of chronic fatigue syndrome, provide more than substantial evidence to support Standard's determination that Dennis was not disabled.
 
 
 7
 Thus, because we conclude that Standard's disability determination should not be overturned under any standard of review, we need not decide whether a burden-shifting standard would be more appropriate in ERISA cases involving an insurer-administrator.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The working case definition establishes two major criteria: (1) new onset of persistent fatigue with a 50% or more reduction in activity for at least six months and (2) exclusion of other clinical conditions that could produce similar symptoms