

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2003

# Nichols v. Verizon Comm Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Nichols v. Verizon Comm Inc" (2003). *2003 Decisions.* Paper 197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3521
_____


JACQUELINE NICHOLS,

Appellant

v.


VERIZON COMMUNICATIONS INC.; METLIFE, INC;
THE BELL ATLANTIC EMPLOYEE BENEFIT PLAN;
THE BELL ATLANTIC LONG TERM DISABILITY PLAN;
THE BELL ATLANTIC PLAN ADMINISTRATOR


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 01-cv-00497)
District Judge: The Honorable Jerome B. Simandle


_____


Submitted Under Third Circuit LAR 34.1(a)
September 3, 2003


BEFORE: SLOVITER, NYGAARD, and ROTH, Circuit Judges.

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Jacqueline Nichols brought this action against Appellees Metropolitan Life Insurance Co.[1] ("Metlife") and Verizon Communications, Inc., The Bell Atlantic Employee Benefit Plan, The Bell Atlantic Long Term Disability Plan, and the Bell Atlantic Plan Administrator (collectively "the Verizon defendants"). Nichols filed the suit in an attempt to recover benefits from Verizon's long-term disability plan ("the Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"). Nichols now challenges the District Court's grant of summary judgment on behalf of Appellees, as well as the District Court's refusal to hold that Metlife was a proper defendant in her claim. We will affirm.

**I. FACTS**

The facts contained in the administrative record of this case are extensive and detailed. Because they are well known to the parties, we will review them only briefly.

---

1.      This party is incorrectly captioned as Metlife, Inc.

Nichols worked for Bell Atlantic, later Verizon, for approximately 10 years as a frame attendant, before she became ill and began to receive short-term disability benefits. Following the termination of her short-term benefits, she filed an application on May 13, 1998 for long-term benefits under the Plan. She claimed that she suffered from a variety of ailments, including depression, anxiety, Chronic Fatigue Syndrome ("CFS"), severe allergies, asthma, neck and back pain, muscle weakness, and sensitivity to light and sound. *See* J.A. at 63. The diagnosis of CFS received support from her treating physician, who further noted that Nichols was "unable to do any jobs that require either physical labor or mental activities. *Id.* at 86.

Following the submission of extensive medical information by Nichols, a medical examination by a doctor selected by Metlife, and a vocational review of her skills and limitations, Metlife denied Nichols' request for benefits in a letter dated November 17, 1998, finding that she did not meet the definition of total disability under the Plan. The Plan stipulates that in order to qualify for long-term disability benefits, applicants must be "unable to engage in any occupation or employment for which [they] are qualified (or may reasonably become qualified based on [their] education, training or experience)." *Id.* at 284.

Nichols filed an appeal to the claim determination, according to the rules of the Plan, and submitted additional medical records. Metlife submitted her medical records for review by a nurse consultant and two doctors, one whom was a consultant at the

3

Network Medical Review Company. Metlife then affirmed the initial denial of benefits, finding that "the medical information does not support a severe condition that would preclude employment." *Id.* at 276-77.

Nichols appealed this decision to the District Court, and the parties filed cross-motions for summary judgment. By an order dated August 16, 2002, the District Court granted Appellees' request for summary judgment. Since this ruling resulted in the dismissal of the entire case, the Court declined to make a finding on Metlife's separate assertion that it was not a proper defendant. This Court has jurisdiction to review the grant of summary judgment under 28 U.S.C. § 1291.

## II. DISCUSSION

### A. Summary Judgment

This Court exercises plenary review of the District Court's grant of summary judgment. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602-03 (3d Cir. 2002). As did the District Court, we examine the facts in the light most favorable to Appellant and affirm the grant of summary judgment if there is no genuine issue of material fact and Appellees are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The District Court properly found that the denial of benefits in this case should be reviewed under the arbitrary and capricious standard. This standard is appropriate when, as in this case, the ERISA benefit plan gives the Plan's administrator

discretion to determine eligibility for benefits and authority to construe the terms of the plan. *See Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 437-39 (3d Cir. 1997). Under this highly deferential standard, the decision of the Plan's administrator may be overturned only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Abnathya v. Hoffmann-La Roche, Inc.,* 2 F.3d 40, 45 (3d Cir. 1993) (internal quotations and citations omitted). "A decision is supported by substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision." *Courson v. Bert Bell NFL Player Ret. Plan*, 214 F.3d 136, 142 (3d Cir. 2000) (internal quotations and citation omitted). A reviewing court may not substitute its own judgment for that of the Plan administrator. *See Mitchell*, 113 F.3d at 439.

The arbitrary and capricious standard of review controls the outcome of this case. The voluminous medical evidence, including conflicting opinions by numerous doctors, is fairly subject to a finding on either side. Under the Supreme Court's recent decision in *Black & Decker Disability Plan v. Nord,* 123 S.Ct. 1965, 1972 (2003), administrators of ERISA plans are not obligated to accord special deference to the opinion of a claimant's treating physician. Metlife is therefore justified in placing reliance on the opinions of its own consulting doctors and need not provide a special explanation of its decision to do so. *Id.*

Nichols asserts that Metlife's denial of benefits was improper largely because she contends it was based on only a couple of factors: the lack of objective medical evidence

confirming her diagnosis, and unsupported claims that her fatigue may be the result of either mental illness or the use of alcohol and illicit drugs. Nichols is correct in claiming that if the denial of her claim had been based solely upon the lack of objective medical evidence of etiology, which a claimant with CFS would typically be unable to provide, it would run afoul of this Court's ruling in *Mitchell*, 113 F.3d at 442-43 (holding that under the facts of that case, it was arbitrary and capricious for a plan to require objective evidence of the etiology of CFS, when it is widely recognized that there is no conclusive laboratory test for CFS). But that is simply not the case here.

The record reveals that the denial of Nichols' claim was based on any number of factors, including the lack of objective tests demonstrating the existence of her *symptoms*, something a claimant with CFS might reasonably be asked to provide. Although Metlife does mention the possibility of an underlying diagnosis of depression, and refer to the theoretical influence of drug and alcohol use (an assertion that was apparently unsubstantiated), these suppositions were not central to the opinions of its doctors, or to its decision to deny benefits.[2]

Even if this Court were inclined to disagree with Metlife's determination based on a *de novo* review of the administrative record, we may not substitute our

---

2.     At least as significant to the opinions of Drs. Byron Mui and Robert Petrie was the observation that contrary to physicians' advice, Nichols had continued for 25 years to smoke a pack of cigarettes a day, despite the fact that she had been diagnosed with allergies and various respiratory problems. *See* J.A. at 91-92 and 272-73. Dr. Mui theorized that this habit may be the cause of some of Nichols' symptoms. *Id.* at 92. Nichols does not address this finding in her brief.

judgment for that of the Plan administrator. *See Mitchell*, 113 F.3d at 439. In this case there was clearly adequate evidence that might cause a reasonable person to agree with the denial of benefits. *See Courson*, 214 F.3d at 142. The District Court's grant of summary judgment is therefore appropriate.

**B. Metlife as a Defendant**

Nichols challenges the District Court's failure to decide whether Metlife is an appropriate defendant in her ERISA claim. Since we will affirm the dismissal of her complaint in its entirety, we join the District Court in declining to address this issue.

## III. CONCLUSION

For the reasons set forth above, the District Court's grant of summary judgment on behalf of Appellees will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

  /s/ Richard L. Nygaard
Circuit Judge

7